UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CR466 HEA |
| ) | |
| ANTHONY PHINNEY, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Credit Defendant with Time Served While on Electronic Monitoring Device, [Doc. No. 522]. The government opposes the motion. For the reasons set forth below, the Motion is denied.

On November 10, 2005, defendant was sentenced to a term of imprisonment of 78 months. He now moves the Court to credit him with time served while he was placed on an electronic monitoring device. Defendant was placed on the electronic monitoring device as a condition of pretrial release from August 8, 2005 to January 4, 2006.

Congress has directed the BOP to give federal prisoners credit toward their sentences for time spent in "official detention" before sentencing. The applicable statute, 18 U.S.C. § 3585(b), provides that--

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

(Emphasis added.)

Defendant urges the Court to credit his time spent on an electronic monitoring device prior to his confinement. Defendant cites no authority for this position.

Under applicable law, house arrest restrictions, however restrictive, do not constitute official detention within the meaning of § 3585(b). *See United States v. Wickman,* 955 F.2d 592, 593 (8th Cir.1992) *(per curiam) (en banc)* ("the house arrest restrictions that were placed upon [the defendant] as conditions of his pre-trial release did not constitute official detention within the meaning of § 3585(b)"); *Starchild v. Federal Bureau of Prisons,* 973 F.2d 610, 611 (8th Cir.1992)(defendant was "not entitled to credit for time spent under house arrest, however restrictive the conditions").

In sum, defendant is not entitled to a pre-sentence credit for time spent on an electronic monitoring device as a condition to his pretrial release.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Credit Defendant with Time Served While on Electronic Monitoring Device, [Doc. No. 522], is denied.

Dated this 25th day of July, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE